UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-00485 |
| | § | |
| BMH AS-BUILT USA OF TEXAS, | § | |
| INC. | § | **JURY TRIAL** |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF ADMIRAL INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Admiral Insurance Company ("Admiral"), and files the following Brief in Support of its Unopposed Motion for Leave to File Plaintiff's Second Amended Complaint against BMH As-Built USA of Texas, Inc. ("BMH") and Caleb Queen ("Queen"), Defendants in the above-styled and numbered cause. In accordance with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7.2, Admiral respectfully states as follows:

## I.
## SUMMARY OF RELIEF

1. Admiral seeks to amend its complaint to add a request for declaratory judgment that there exists no duty to defend BMH in an underlying lawsuit filed by Queen.[1] Admiral issued a commercial general liability insurance policy to BMH, Policy No. CA000026291-02, with effective dates from January 25, 2018, to January 25, 2019 ("the Admiral Policy"). On or about June 7, 2018, BMH was named as a defendant in a bodily injury lawsuit arising from work at a

[1] Admiral's Proposed Second Amended Complaint, is attached hereto as Exhibit "A."

new residential condominium construction project. That case was styled *Caleb Queen v. BMH As-Built USA of Texas, Inc., et al.*, Cause No. CC-18-03034-B, filed in the County Court at Law No. 2, Dallas County, Texas (the "Underlying Lawsuit"). BMH tendered the Underlying Lawsuit to Admiral for defense and indemnity under the Admiral Policy.

2. Guided by its prior lead counsel, Admiral challenged only the duty to indemnify BMH in the Underlying Lawsuit. Admiral's new lead counsel has conducted an independent review of the case, as well as certain filings and discovery in the Underlying Lawsuit. Admiral's new lead counsel recognizes that Admiral has neither a duty to defend BMH in the Underlying Lawsuit, nor a duty to indemnify it for the final judgment that was awarded. The Admiral Policy contains an endorsement that excludes coverage for any liability arising from residential construction activities. The Underlying Lawsuit is a bodily injury case that occurred while Queen was working at a residential condominium construction jobsite, which qualifies as excluded residential construction activity.

3. Although Queen did not specifically plead the involvement of residential construction activities in the four corners of his petition in the Underlying Lawsuit, he alleged that he was struck by a piece of debris that was thrown off a roof at a "jobsite."[2]

4. Pleadings and discovery from the Underlying Lawsuit clearly show that this was a condominium project. These uncontroverted facts were established by the deposition testimony of the general contractor's corporate representative, as well as other evidence.

5. BMH's corporate representative testified that the location where Queen was working at the time of his injury was at the "Destination Condos."[3] He also explicitly confirmed

---

[2] Plaintiff's Original Petition in the Underlying Lawsuit is attached hereto as Exhibit "B," ¶ 6.
[3] BMH Corp. Rep. (Arman Bakhtiari) Deposition is attached hereto as Exhibit "C," at p. 10 ln 10-1n 13; p. 11, ln. 13 – p. 12, ln. 5; p. 13, ln. 5–10; p. 13, ln. 24 – p 14 ln. 11.

that BMH is "in construction business and we do multifamily projects" and Bakhtiari's work is "with the residential part."[4]

6. This evidence was not contested in the Underlying Lawsuit, and the project was routinely referenced as a condominium project by both Queen and BMH: In Plaintiff's Response to Roka Management, Inc's Motion for Summary Judgment, Plaintiff described the event giving rise to the Underlying Lawsuit by identifying the project as a condominium project.[5] BMH's Motion for Summary Judgment in the Underlying Lawsuit similarly recognized that the case arose from "a construction site injury that occurred at a condominium development…"[6] Additionally, the Final Judgment in the underlying case also confirmed that the jury found BMH exercised sufficient control over the "Destination Condominiums jobsite" where the underlying plaintiff was allegedly injured.[7] These are just a few examples of the routine use of this extrinsic evidence in the Underlying Lawsuit. This evidence is also routinely referenced in other depositions and pleadings in the Underlying Lawsuit. Both parties, and the Court, refer to this as a condominium project. Thus, this critical coverage fact does not overlap with liability issues in the Underlying Lawsuit.

7. Admiral also seeks a declaration that it has no duty to indemnify BMH for any settlement or judgment in the Underlying Lawsuit under the Admiral Policy by virtue of the RESIDENTIAL CONSTRUCTION ACTIVITIES EXCLUSION (ABSOLUTE) endorsement. Declaratory judgment on the duty to indemnify is also ripe for determination based upon the *Griffin* exception. Here, because there exists no duty to defend, and the same facts that preclude a duty to

---

[4] Exhibit "C," at p. 10, ln. 25 – p. 11, ln. 7.
[5] Plaintiff's Response to Defendant Roka Management, Inc.'s First Amended No-Evidence Motion for Summary Judgment and verified Motion for Continuance is attached hereto as Exhibit "D," p. 1.
[6] Defendant BMH As-Built USA of Texas, Inc.'s Traditional and No-Evidence Motion for Summary Judgment is attached hereto as Exhibit "E," p. 1.
[7] Final Judgment in the Underlying Lawsuit, attached hereto as Exhibit "F," p. 1.

defend also preclude any possible duty to indemnify, the decision on indemnity can properly be decided at this time. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

8. The operative facts related to this coverage issue were established in the Underlying Lawsuit and are not subject to change. Numerous pleadings from the underlying plaintiff and BMH in the Underlying Lawsuit acknowledge that this incident occurred at a residential construction site involving the construction of a condominium.

9. Admiral files this Motion for Leave for good cause and so that justice may be done. This Motion for Leave is the recognition of a new strategy, and a different path forward by new lead counsel seeking to represent their client by a different approach than that taken by prior counsel. There are good legal and factual grounds for this position and approach, because a duty to defend never existed in the Underlying Lawsuit.

## II.
## <u>BACKGROUND</u>

10. This declaratory judgment lawsuit was filed by Admiral's prior counsel on February 26, 2025, against BMH As-Built USA of Texas, Inc. as an insurance coverage dispute (*ECF Doc. 1*). Admiral filed its First Amended Original Complaint on March 4, 2025, naming the underlying plaintiff, Caleb Queen, as a defendant pursuant to Fed. R. Civ. P. 15(a)(1)(A) (*ECF Doc. 9*). On May 30, 2025, Queen filed his answer (*ECF Doc. 22*). On August 11, 2025, BMH filed its answer (*ECF Doc. 39*). On September 23, 2025, the Court questioned the ripeness and justiciability of this case because the underlying lawsuit is still on appeal (*ECF Doc. 45*). On November 19, 2025, the Court temporarily stayed and administratively closed this case following the legal briefing of counsel as to ripeness and justiciability (*ECF Doc. 49*).

11. Admiral's Original Complaint, and the First Amended Complaint, only challenged Admiral's duty to indemnify BMH (*ECF Docs. 1, 9*). Admiral now seeks leave to amend Admiral's complaint in order to challenge Admiral's duty to defend BMH.

12. The Admiral Policy includes a RESIDENTIAL CONSTRUCTION ACTIVITIES EXCLUSION (ABSOLUTE) endorsement which is set forth in detail in Admiral's First Amended Complaint (*ECF Doc. 9* at ¶ 14), as well as in Admiral's proposed Second Amended Complaint.[8] Admiral does not owe, and has never owed, a duty to defend or indemnify BMH in the Underlying Lawsuit. Thus, Admiral seeks to amend its complaint to challenge the duty to defend BMH.

## III.
## ARGUMENTS AND AUTHORITIES

13. Federal Rule of Civil Procedure 15, provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave," and the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In accordance with Rule 15(a)(2), Admiral respectfully seeks leave from the Court to file its Second Amended Complaint and in order to address the duty to defend.

14. Texas courts may consider extrinsic evidence bearing solely on coverage facts when gaps in the plaintiff's pleadings make the eight corners not determinative of whether a duty to defend exists. *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195 (Tex. 2022). This practice is permissible, provided the extrinsic evidence (1) goes solely to the issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved. *Id.* at 201-02.

---

[8] *See* Exhibit "A."

15. In the Underlying Lawsuit, the Original Petition is silent with respect to dispositive coverage facts. Admiral moves the Court to allow Admiral to amend its Complaint for a consideration of extrinsic evidence that would determine whether the duty to defend [and consequently the duty to indemnify under *Griffin*] exists. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

16. The Plaintiff's Petition in the Underlying Lawsuit alleges only that his injury occurred at a "jobsite," but does not specify the type of jobsite, including that the jobsite was a condominium project.[9] Utilizing extrinsic evidence, which satisfies the three-prong test in *Monroe,* results in no duty to defend the Underlying Lawsuit. First, whether Plaintiff suffered his alleged injury at a residential condominium construction project does not speak to the merits of liability, since liability is not premised on the specific type of construction site; instead it goes solely to an issue of coverage. This lack of any overlap with the underlying merits of liability is obvious because Queen and BMH both routinely acknowledged in pleadings that the incident occurred at a condominium construction project. This makes clear that this was not a disputed fact in the Underlying Lawsuit. Second, the jobsite being a residential condominium construction project does not contradict the facts alleged in the pleading, as it was silent, except to call it a "jobsite." A residential condominium construction site is a type of jobsite. Third, the coverage fact to be proved would be conclusively established, as the extrinsic evidence shows that the alleged incident occurred at a residential condominium construction jobsite, which is excluded from coverage.

17. The proposed Amended Complaint alleges a viable, and ripe, claim for declaratory relief under the *Monroe* exception to the "Eight-Corners Rule." This Motion is filed without undue

---

[9] Exhibit "B," at ¶ 6.

delay or bad faith. The declaratory judgment action is still pending before the Court and is in its early stages. Admiral intends to challenge its alleged duty to defend BMH, and such a determination is required by justice. The amendment is sought in good faith to ensure that all relevant legal theories are properly presented to the Court. Fresh perspective from new lead counsel has revealed that this lawsuit is subject to complete disposition. Admiral should be allowed to amend its complaint to challenge its alleged duty to defend.

## IV.
## CONCLUSION

18. The "Eight-Corners Rule" is generally used to determine whether there is a duty to defend, but when the pleading is silent as to facts that would allow a determination of the duty to defend, Texas law permits the consideration of extrinsic evidence. *Monroe*, 640 S.W.3d at 202. Admiral's declaratory judgment cause of action in the Second Amended Complaint, with respect to the duty to defend, is ripe and justiciable for adjudication. This is because the Admiral Policy contains an exclusion for residential construction activity, and the extrinsic evidence reveals that the underlying parties routinely acknowledged that the type of "job site" that this incident stemmed from was a residential condominium construction project. Admiral needs only leave to amend its complaint in order to begin the conclusion of this lawsuit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Admiral Insurance Company, prays that this Court grant Admiral's Unopposed Motion for Leave to File Plaintiff's Second Amended Complaint, allow Admiral to amend its complaint in order to challenge the duty to defend BMH As-Built USA of Texas, Inc., in the Underlying Lawsuit, and for all further relief, general or specific, to which Admiral Insurance Company may be justly entitled.

Respectfully submitted,

**RYMER, ECHOLS &**
**NELSON-ARCHER, P.C.**

By: ______________________________
Nathan M. Rymer
State Bar No. 00792814
2603 Augusta Drive, Suite 1270
Houston, Texas 77057
T: (713) 626-1550
F: (713) 626-1558
Email: nrymer@resnlaw.com

**FEE, SMITH & SHARP LLP**

By: *__/s/ Travis Casey (by permission)*
Travis M. Casey
State Bar No. 24087268
13155 Noel Road, Suite 1000
Dallas, Texas 75240
T: (972) 980-3271
Email: tcasey@feesmith.com

**ATTORNEYS FOR PLAINTIFF**
**ADMIRAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all known counsel of record by the Court's e-filing system, in accordance with the Federal Rules of Civil Procedure, on October 2, 2026.

______________________________
Nathan M. Rymer