IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADMIRAL INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:25-cv-00485** |
| **v.** | § | |
| | § | |
| **BMH AS-BUILT USA OF TEXAS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**CALEB QUEEN'S ANSWER TO**
**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

Defendant Caleb Queen ("Queen" or "Defendant"), by and through the undersigned counsel, files this Answer to Plaintiff Admiral Insurance Company's ("Plaintiff") Second Amended Original Complaint [Doc 64] (the "Complaint"), and respectfully shows as follows:

**FIRST DEFENSE TO PLAINTIFF'S CLAIMS**

Plaintiff's claim for a determination on indemnity coverage should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court lacks subject matter jurisdiction over this claim because there is no current justiciable controversy between the parties related thereto, as the underlying lawsuit is ongoing.

**SECOND DEFENSE TO PLAINTIFF'S CLAIMS**

Defendant responds, paragraph by paragraph, to the Complaint as follows:

## I.
## PARTIES

1. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

## II.
## VENUE AND JURISDICTION

4. Defendant does not have sufficient information to admit or deny whether complete diversity of citizenship exists between Plaintiff and all Defendants. Defendant admits that the amount in controversy exceeds $75,000. Defendant denies any remaining allegations in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

## III.
## FACTS GIVING RISE TO DECLARATORY JUDGMENT

6. Defendant is not required to admit or deny the allegations contained in paragraph 6.

7. Defendant admits that Admiral issued the Admiral Policy.

8. Defendant admits that BMH was named as a defendant in a bodily injury lawsuit and that the style of the lawsuit is correct. Defendant denies all remaining allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9, upon information and belief.

10. Defendant admits the allegations contained in paragraph 10, upon information and belief.

11. Defendant admits that Plaintiff's Petition in the Underlying Lawsuit contains certain allegations but states that the underlying pleading speaks for itself; Defendant denies any and all allegations in paragraph 11. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with the underlying pleading. Defendant denies that any

other pleadings are relevant to the duty to defend. Defendant denies any remaining allegations contained in paragraph 11.

12. Defendant admits that the Underlying Lawsuit was called to trial and that the jury returned a verdict in his favor. Defendant denies that the Final Judgment is relevant to the duty to defend but states that the judgment speaks for itself; Defendant denies any and all allegations in paragraph 12. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with the judgment. Defendant denies any remaining allegations in paragraph 12.

## IV.
## THE ADMIRAL POLICY

13. Defendant incorporates its response to the preceding paragraphs by reference.

14. Defendant admits that the Admiral Policy provides commercial general liability insurance coverage, however, the Policy speaks for itself; therefore, Defendant denies any and all allegations in paragraph 14. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the terms and conditions of the Admiral Policy. Defendant denies any remaining allegations in paragraph 14.

## V.
## REQUEST FOR DECLARATORY JUDGMENT

15. Defendant incorporates its response to the preceding paragraphs by reference.

16. Defendant admits that a coverage dispute exists with respect to the duty to defend in the Underlying Lawsuit but denies that a ripe dispute exists with respect to the duty to indemnify. Defendant denies any remaining allegations contained in paragraph 16.

17. Defendant admits that Plaintiff seeks a declaration regarding coverage under the Admiral Policy but denies that it is entitled to the relief requested. Defendant denies any remaining allegations contained in paragraph 17.

18. Defendant admits that the "Eight-Corners Rule" resolves the duty to defend and denies that a gap in the pleadings exists in this case that would permit consideration of extrinsic evidence. Defendant denies any remaining allegations in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in the first sentence of paragraph 20 and further denies that extrinsic evidence is admissible to determine any ripe issue in this case. Defendant further denies the that Plaintiff's characterization of the purported evidence is correct or accurate. Defendant denies any remaining allegations contained in paragraph 20.

21. Defendant denies that extrinsic evidence is admissible to determine any ripe issue in this case. Defendant further denies the that Plaintiff's characterization of the purported pleadings and evidence is correct or accurate. Defendant denies any remaining allegations contained in paragraph 21.

22. Defendant admits that Plaintiff is seeking a declaration regarding indemnity coverage but denies that such claim is ripe and further denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 22.

23. Defendant admits that Plaintiff is seeking a declaration regarding coverage but denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 23.

24. Defendant admits that Plaintiff is seeking a declaration regarding indemnity coverage but denies that such claim is ripe and further denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 24.

25. Defendant admits that Plaintiff is seeking a declaration regarding coverage but denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 25.

26. Defendant admits that Plaintiff is seeking a declaration regarding indemnity coverage but denies that such claim is ripe and further denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 26.

27. Defendant admits that Plaintiff is seeking a declaration regarding coverage but denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 27.

28. Defendant admits that Plaintiff is seeking a declaration regarding indemnity coverage but denies that such claim is ripe and further denies that it is entitled to such a declaration. Defendant denies any remaining allegations in paragraph 28.

Defendant denies that Plaintiff is entitled to the relief sought in the paragraph beginning "WHEREFORE" on page 11 of the Complaint, including subparagraphs 1) through 8).

Defendant denies any remaining allegations contained in the Complaint.

## DEFENDANT'S PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Caleb Queen respectfully prays that, upon final trial, a Judgment be entered in his favor, that Plaintiff take nothing by way of this action, that Defendant recover its costs and attorneys' fees incurred herein, and for such other and further relief, both general and special, at law or in equity, to which he is justly entitled.

Respectfully submitted,

**SHIDLOFSKY LAW FIRM PLLC**

*/s/ Rebecca DiMasi*
Rebecca DiMasi
(Lead Counsel)
State Bar No. 24007115
**SHIDLOFSKY LAW FIRM PLLC**
rebecca@shidlofskylaw.com
7200 N. Mopac Expy., Ste. 430
Austin, Texas 78731
Telephone: 512-685-1400
Facsimile: 866-232-8412

**BARON & BLUE**

*/s/ Lisa Blue*
Lisa Blue
State Bar No. 02510500
**BARON & BLUE**
3300 Oak Lawn Ave
Dallas, Texas 75219
Tel: 214-728-6609
lblue@baronandblue.com

**ATTORNEYS FOR DEFENDANT CALEB QUEEN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been provided to all known counsel of record via CM/ECF on this the 19th day of October 2026.

*/s/ Rebecca DiMasi*
Rebecca DiMasi